No. 25,471.

DAISY BROWN, *Appellant*, v. THE BOARD OF EDUCATION OF THE CITY OF BONNER SPRINGS, *Appellee*.

#### SYLLABUS BY THE COURT.

SCHOOL TEACHER'S CONTRACT—*Terminated Because of Insufficient Funds—Contract Construed—No Bad Faith on Part of Board of Education*. Where a school teacher's contract provided that it "may be terminated by either party on thirty days' notice when there exists some reasonable ground therefor," it was within the power of the school district to terminate it because of insufficient funds to pay the running expenses of the school for the year, where the action in terminating the contract was not in bad faith, and where timely notice was given of its termination.

Appeal from Wyandotte district court, division No. 3. WILLIAM H. McCAMISH, judge. Opinion filed December 6, 1924. Affirmed.

*W. W. Hooper*, of Leavenworth, for the appellant.
*Henry E. Dean*, of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on a school teacher's contract. The defendant prevailed and plaintiff appeals.

The case was tried on an agreed statement of facts, which showed that on April 3, 1921, the plaintiff and defendant entered into a written contract whereby the plaintiff agreed to teach music in the public schools of Bonner Springs for the year beginning September 5, 1921, at a salary of $135 per month. The contract contained this provision:

"*Fifth*. That this contract may be terminated by either party on thirty days' notice in writing to be given by the party desiring such termination, and only when there exists some reasonable ground therefor, excepting that this contract may be terminated at any time by mutual consent of the parties thereto."

On May 31 an adjourned meeting of the board of education was held, at which the following action was taken:

"After presenting a summary of the expenses of running the schools for the past year, and a very careful consideration by the board of what they could possibly do in the coming year, it was resolved to keep the school system up to standard although it would be necessary to do away with some departments. Moved by R. Filkin, and seconded by Mrs. Frederick that the music department be discontinued for the next year, and that Miss Brown be notified that because of this necessary action her contract would be cancelled. Carried."

The superintendent of schools on June 1 wrote plaintiff:

"At the meeting of the board of education last night it was decided to discontinue the music work in the schools. It was found necessary to do this because of the financial condition in which district finds itself at this time, and the board hopes that perhaps by another year this work can be reëstablished. The board will be glad to furnish any recommendations tö you and give you such assistance as it maÿ in helping you secure another location. Thanking you for what you have done here, and wishing you success in another position, I am, . . ."

Facts stipulated, also, were that after receiving notice of cancellation of her contract the plaintiff endeavored to secure other employment but was unable to do so except to the extent of earning $320 during the year specified in the contract. Also that she presented herself to the board of education on September 5, 1921, for the purpose of performing her duties under the contract and her services were refused.

The plaintiff contends that the contract was cancelled for the convenience and whim of the board of education; that the notice given her in no way fell within the provisions of the contract providing for cancellation, and that there was no evidence of a reasonable ground for cancelling the contract. Whether the board at its meeting on the 2d of April, at which time it was agreed to employ the plaintiff, considered its financial condition is not disclosed, but it is apparent that the defendant, in the exercise of its functions as a school board, acted in good faith, not only with reference to the contract, but in the carrying out of its obligation to the patrons of the school. In consideration of its affairs the discovery was made that it would not be possible, with the funds available, to carry forward all of the departments including that of music, and in its exercise of discretion, and in compliance with the terms of the contract, chose to keep the other departments up to their standard and dispense with the music department until the financial condition of the board would enable them to reinstate it.

The plaintiff cites *Drug Supply Co. v. Board of Administration*, 106 Kan. 256, 187 Pac. 701, and other authorities which lay down the rule that whenever subsequent impossibility of meeting conditions of a contract might readily have been foreseen by the party obligated to perform, he will not be excused on the ground of impossibility. We do not think the rule contended for is properly applicable to the facts here. Other authorities cited by plaintiff are

17—117 Kan.

not controlling. A fair interpretation of the contract in controversy indicates that either party under the fifth clause might cancel it, if acting in good faith and for reasonable cause. There is no allegation or proof indicating bad faith on the part of the defendant board, and bad faith cannot be assumed. (See 13 C. J. 606; 6 R. C. L. 922.)

The judgment is affirmed.